# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| GERLINDE SCHOEFFLER-MILLER  )<br>)<br>Plaintiff,    )<br>)<br>v.       )<br>)<br>NORTHWEST AIRLINES, INC.,   )<br>and AIR FRANCE-KLM, S.A. d/b/a )<br>KLM ROYAL DUTCH AIRLINES   )<br>)<br>Defendants.   ) | No. 08-cv-4012 |

## O P I N I O N  &  O R D E R

Before the Court is Plaintiff's motion to remand this case to the Circuit Court of the Fourteenth Judicial Circuit of Rock Island County, where it was originally filed (Doc. 8).  Defendants filed a response in opposition on April 21, 2008 (Doc. 9). For the reasons stated below, Plaintiff's motion to remand is DENIED.

### BACKGROUND

This case involves an action for damages resulting from the personal injuries sustained by Plaintiff, which allegedly occurred when Plaintiff was disembarking an international flight in Amsterdam.  On or about March 14, 2006, Plaintiff's daughter purchased airline tickets from the Defendant airlines for Plaintiff to travel round-trip from Chicago, Illinois to Stuttgart, Germany.

Plaintiff's itinerary was as follows:

Flight from U.S. to Europe

A.  Flight 8612 departing from Chicago – O'Hare International Airport in Chicago, Illinois at 4:40 p.m. on September 20, 2006, and arriving at Amsterdam-Schiphol Airport in Amsterdam, Netherlands at 7:35 a.m. on September 21, 2006;

B.  Flight 8783 departing from Amsterdam-Schiphol Airport in Amersterdam, Netherlands at 8:40 a.m. on September 21, 2006, and arriving at Stuttgart Airport in Stutgart, Germany at 9:55 a.m. on September 21, 2006

Flight back to U.S. from Europe

C.  Flight 8242 departing from Stuttgart Airport in Stuttgart, Germany at 6:15 a.m. on November 1, 2006, and arriving an Amsterdam-Schiphol Airport in Amsterdam, Netherlands at 7:55 a.m. on November 1, 2006;

D.  Flight 8611 departing from Amsterdam-Schiphol Airport in Amsterdam, Netherlands at 10:30 a.m. on November 1, 2006 and arriving at Chicago – O'Hare International Airport in Chicago, Illinois at 12:15 p.m. on November 1, 2006.

Plaintiff's air-travel plans went smoothly until November 1, 2006.  On that date, Plaintiff boarded an airplane in Stuttgart, Germany as planned.  While on the flight from Stuttgart to Amsterdam, Plaintiff became ill.  According to her Verified Complaint, filed in state court, Plaintiff got the attention of a flight attendant.  Plaintiff notified the flight attendant that she was ill and that she would need help disembarking the plane once it landed in Amsterdam.  According to Plaintiff, the flight crew refused her any assistance in disembarking the plane, and, as Plaintiff

attempted to disembark unassisted, she lost consciousness and fell down several metal stairs onto the tarmac, suffering physical injury.

On August 10, 2007, Plaintiff filed a Verified Complaint in Illinois Circuit Court in Rock Island County alleging common law negligence against Defendants Northwest Airlines, Inc. and KLM Royal Dutch Airlines.  In her Verified Complaint, Plaintiff alleges severe injuries to her limbs and body as well as pain and mental anguish resulting from the November 1, 2006 incident.  She seeks damages in excess of $10,000.

On March 24, 2008, Defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1331 (Doc. 1).  Defendants argue that this Court has original jurisdiction over the matter based on federal-question jurisdiction.  On April 3, 2008, Plaintiff filed a motion to remand the case to state court, arguing that Defendants' removal was improper (Doc. 8).  Defendants filed a response in opposition to Plaintiff's motion to remand on April 21, 2008 (Doc. 9).

## ANALYSIS

The removal statute, 28 U.S.C. § 1441, allows a defendant to remove to federal district court a civil action brought in state court if the district court has original jurisdiction over the action.  The question in this case is whether Plaintiff's cause of action invokes federal-question jurisdiction under 28 U.S.C. § 1331.  Specifically, the Court must determine whether Plaintiff's cause of action "arises under" federal law.

In answering this question, the proper starting point is the well-pleaded complaint rule. Under that staple of federal procedure, federal-question jurisdiction is invoked when it appears from the face of the plaintiff's complaint that the plaintiff is asserting a cause of action based on federal law. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983). Federal-question jurisdiction is also invoked when the plaintiff's right to relief necessarily depends upon the resolution of a substantial question of federal law. Id. The crux of the well-pleaded complaint rule is that a defense based on federal law cannot be the basis for federal-question jurisdiction. Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908).

The parties in this case agree that Plaintiff's Verified Complaint alleges only common law negligence. Nonetheless, Defendants claim that removal to federal court was proper. Defendants do not dispute the contention that preemption is usually considered an affirmative defense. Fifth Third Bank ex rel. Trust Officer v. CSX Corp., 415 F.3d 741, 745 (7th Cir. 2005). Here, if federal preemption is merely an affirmative defense to Plaintiff's state law claims, Defendants' removal to federal court was not appropriate.

Defendants, however, contend that, in the context of this case, federal preemption is more than just an affirmative defense. In laying the foundation for this argument, Defendants point to the "artful pleading" doctrine. Under this rule, a district court may look beyond the face of a complaint to determine whether there is a strong but latent federal nature to the cause of action. See Rivet v. Regions

4

Bank of Louisiana, 522 U.S. 470, 475 (1998). As Defendants note, "[t]he artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." Id. In other words, where Congress has intended that federal law occupy the entire field in a certain area,[1] a plaintiff cannot keep her claim out of federal court simply by characterizing the suit as one based on state common law. In cases like these, the plaintiff's claim "arises under" federal law, for purposes of 28 U.S.C. § 1331 and § 1441, even though the face of the complaint does not make reference to federal law.

The next step in this case, then, is to determine whether the type of claim that Plaintiff has brought – a suit for tort liability against an air carrier engaged in international transportation – is completely preempted by federal law. The Court answers this question in the affirmative. The Court is persuaded by Defendants' argument that the Convention for the Unification of Certain Rules for International Carriage by Air, a treaty also known as the Montreal Convention,[2] is field preemptive with respect to Plaintiff's cause of action. Although Plaintiff's complaint is drafted so as to only reference state common law of negligence, her claim is inherently federal.

---

[1] Examples of "field preemption," also referred to as "complete preemption," are in the areas of labor disputes, where the Labor Management Relations Act controls exclusively, and pension disputes, where the Employee Retirement Income Security Act of 1974 (ERISA) is controlling and preemptive of any state law touching on a subject within its scope.

[2] The United States is a party to the Montreal Convention. The treaty was signed in Montreal on May 28, 1999 and became in effect on November 4, 2003.

The United States Supreme Court held in 1999 that the Montreal Convention's predecessor, the Warsaw Convention,[3] governed, to the exclusion of state law, claims that fell within the treaty's scope. The Supreme Court held that "recovery for a personal injury suffered 'on board [an] aircraft or in the course of any of the operations of embarking or disembarking,' if not allowed under the [Warsaw] Convention, is not available at all." El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155, 161 (1999). Accordingly, at least one federal Court of Appeals has held that the Warsaw Convention completely preempts state tort law claims for personal injuries occurring in connection with international flights. Husmann v. Trans World Airlines, Inc., 169 F.3d 1151, 1153 (8th Cir. 1999). The holdings in Tseng and Husmann applied specifically to the Warsaw Convention. However, despite the relative lack of caselaw regarding the Montreal Convention, at least one federal district court has held that the Montreal Convention's preemptive effect is substantially the same as, if not identical to that of the Warsaw Convention. See Paradis v. Ghana Airways Ltd., 348 F. Supp.2d 106, 111 (S.D.N.Y. 2004). Other federal courts have also looked to Warsaw Convention jurisprudence for guidance in

---

[3] The Montreal Convention is an updated and superseding version of the original Convention for the Unification of Certain Rules Relating to International Transportation by Air, known as the "Warsaw Convention." See Knowlton v. American Airlines, Inc., 2007 WL 273794, at *2 (D. Md. Jan. 31, 2007) (explaining the relationship between the Montreal and Warsaw Conventions). The Warsaw Convention was signed in 1929 and was created to harmonize law governing the rights and liabilities of passengers and carriers in international air transportation. See Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd., 522 F.3d 776, 779-80 (7th Cir. 2008).

6

deciding the preemptive effect of the Montreal Convention. See, e.g., Knowlton v. American Airlines, Inc., 2007 WL 273794, at *2-3 (D. Md. Jan. 31, 2007).

The Court finds, therefore, that if Plaintiff's negligence claim is within the scope of the Montreal Convention, it is completely preempted by the terms of that treaty and, accordingly it arises under federal law.

Article 1(1) of the Montreal Convention states that the "Convention applies to all international carriages of persons, baggage or cargo performed by aircraft for reward." The term "international carriage" is defined in Convention Article 1(2) as follows:

> [A]ny carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage or a transshipment, are situated either within the territories of two States [sic] Parties, or within the territory of a single State Party if there is an agreed stopping place within the territory of another State, even if that State is not a State Party.

In this case, Plaintiff's flight was round-trip from Chicago to Stuttgart. Her place of departure and her ultimate destination were in the United States, which is a State Party to the Convention. Amsterdam and Stuttgart were agreed stopping places. Therefore, Plaintiff's September-November 2006 flights from Chicago to Stuttgart and back constituted an "international carriage."

Article 17(1) of the Montreal Convention, which governs injury to international air passengers, states as follows: "The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." The incident

7

that allegedly resulted in Plaintiff's injuries appears to fall squarely within the scope of this language.  Plaintiff claims that she was disembarking an aircraft in Amsterdam when she became unconscious and fell down several metal stairs.  (Ver. Compl. ¶ 14).  Accordingly, Plaintiff's claim "arises under" federal law for purposes of 28 U.S.C. § 1331 and § 1441 and was properly removed to federal court.

Going forward, this Opinion will serve as a choice-of-law ruling in this case.  The terms of the Montreal Convention will govern.  Plaintiff is either eligible for recovery under the Montreal Convention or she is not eligible for recovery at all for the injuries incurred as a result of the November 1, 2006 incident in Amsterdam.  See Tseng, 525 U.S. at 161.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to remand (Doc. 8) is DENIED.  This case is referred to Magistrate Judge Gorman for preliminary proceedings.


Entered this 17th day of November, 2008.

>            s/ Joe B. McDade
>            JOE BILLY MCDADE
>            United States District Judge